UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PAYLESS HOLDINGS LLC,<br><br>Debtor.<br><br>Tax I.D. 80-085570 | Case No. 19-40883-659<br>CHAPTER 11 |
| In re:<br><br>PAYLESS INTERMEDIATE HOLDINGS, LLC,<br><br>Debtor.<br><br>Tax I.D. 46-1125190 | Case No. 19-40886<br>CHAPTER 11 |
| In re:<br><br>WBG-PSS HOLDINGS LLC,<br><br>Debtor.<br><br>Tax I.D. 45-5170673 | Case No. 19-40889<br>CHAPTER 11 |
| In re:<br><br>PAYLESS INC.,<br><br>Debtor.<br><br>Tax I.D. 43-1813160 | Case No. 19-40890<br>CHAPTER 11 |
| In re:<br><br>PAYLESS FINANCE INC.,<br><br>Debtor.<br><br>Tax I.D. 43-1622101 | Case No. 19-40892<br>CHAPTER 11 |

| | |
|---|---|
| In re:<br><br>COLLECTIVE BRANDS SERVICES, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1227266 | Case No. 19-40910<br>CHAPTER 11 |
| In re:<br><br>PSS DELAWARE COMPANY 4, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1221466 | Case No. 19-40884<br>CHAPTER 11 |
| In re:<br><br>SHOE SOURCING, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1234075 | Case No. 19-40898<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-0674097 | Case No. 19-40882<br>CHAPTER 11 |
| In re:<br><br>EASTBOROUGH, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1212803 | Case No. 19-40888<br>CHAPTER 11 |

| | |
|---|---|
| In re:<br><br>PAYLESS PURCHASING SERVICES, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1253043 | Case No. 19-40903<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE MERCHANDISING, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1140946 | Case No. 19-40907<br>CHAPTER 11 |
| In re:<br><br>PAYLESS GOLD VALUE CO, INC.,<br><br>Debtor.<br><br>Tax I.D. 46-1103581 | Case No. 19-40885<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE DISTRIBUTION, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1140944 | Case No. 19-40894<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE WORLDWIDE, INC.,<br><br>Debtor.<br><br>Tax I.D. 43-1646884 | Case No. 19-40896<br>CHAPTER 11 |

| | |
|---|---|
| In re:<br><br>PAYLESS NYC, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1194126 | Case No. 19-40901<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE OF PUERTO RICO, INC.,<br><br>Debtor.<br><br>Tax I.D. 66-0479017 | Case No. 19-40906<br>CHAPTER 11 |
| In re:<br><br>PAYLESS COLLECTIVE GP, LLC,<br><br>Debtor.<br><br>Tax I.D. 82-1302940 | Case No. 19-40887<br>CHAPTER 11 |
| In re:<br><br>COLLECTIVE LICENSING, LP,<br><br>Debtor.<br><br>Tax I.D. 20-4231256 | Case No. 19-40908<br>CHAPTER 11 |
| In re:<br><br>COLLECTIVE LICENSING INTERNATIONAL, LLC,<br><br>Debtor.<br><br>Tax I.D. 05-0585451 | Case No. 19-40891<br>CHAPTER 11 |

| | |
|---|---|
| In re:<br><br>CLINCH, LLC,<br><br>Debtor.<br><br>Tax I.D. 27-2429836 | Case No. 19-40900<br>CHAPTER 11 |
| In re:<br><br>COLLECTIVE BRANDS FRANCHISING SERVICES, LLC,<br><br>Debtor.<br><br>Tax I.D. 26-3883636 | Case No. 19-40893<br>CHAPTER 11 |
| In re:<br><br>PAYLESS INTERNATIONAL FRANCHISING, LLC,<br><br>Debtor.<br><br>Tax I.D. 27-3686448 | Case No. 19-40905<br>CHAPTER 11 |
| In re:<br><br>PSS CANADA, INC.,<br><br>Debtor.<br><br>Tax I.D. 74-2834969 | Case No. 19-40902<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE CANADA, INC.,<br><br>Debtor.<br><br>Tax I.D. 98-0534180 | Case No. 19-40895<br>CHAPTER 11 |

5

| | |
|---|---|
| In re:<br><br>PAYLESS SHOESOURCE CANADA GP, INC.,<br><br>Debtor.<br><br>Tax I.D. 98-0534182 | Case No. 19-40899<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE CANADA, L.P.,<br><br>Debtor.<br><br>Tax I.D. 98-0534179 | Case No. 19-40897<br>CHAPTER 11 |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6

and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 19-40883-659 (the "Lead Case") in accordance with the provisions of Bankruptcy Rule 1015(B). All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in Case No. 19-40883-659.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

4. The foregoing caption satisfies the requirements set forth in Bankruptcy Code section 342(c)(1).

5. A docket entry shall be made in the chapter 11 cases of each Debtor (except that of the Lead Case), substantially as follows:

> An order has been entered in this case administratively consolidating the cases of Payless Holdings LLC; Payless Intermediate Holdings LLC; WBG-PSS Holdings LLC; Payless Inc; Payless Finance, Inc.; Collective Brands Services, Inc.; PSS Delaware Company 4, Inc.; Shoe Sourcing, Inc.; Payless ShoeSource, Inc.; Eastborough, Inc.; Payless Purchasing Services, Inc.; Payless ShoeSource

7

>>Merchandising, Inc.; Payless Gold Value CO, Inc.; Payless ShoeSource Distribution, Inc.; Payless ShoeSource Worldwide, Inc.; Payless NYC, Inc.; Payless ShoeSource of Puerto Rico, Inc.; Payless Collective GP, LLC; Collective Licensing, L.P.; Collective Licensing International, LLC; Clinch, LLC; Collective Brands Franchising Services, LLC; Payless International Franchising, LLC; PSS Canada, Inc.; Payless ShoeSource Canada Inc.; Payless ShoeSource Canada GP Inc.; and Payless ShoeSource Canada LP for procedural purposes only and providing for its joint administration with the terms therein.

6. Any creditor, debtor or other party filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

7. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

8. Separate claims registers shall be maintained from the date of this Order forward for all claims in all of the separate Debtor cases. Counsel for the Debtors shall consult with the Clerk of the Court to prepare applicable forms, notices and procedures to effectuate this provision (including a standard form for a proof of claim specific for these cases and instructions and bar date notices for submitting proof of claims).

9. One mailing matrix shall be maintained for all cases, which the Debtors' counsel shall file as required under this Court's local rules. The matrix shall include all names and addresses comprising of the most current list of the Debtors' creditors. The matrix shall be maintained in the electronic record for the Lead Case.

10. The Debtors shall file monthly operating reports as may be arranged and agreed to between the Debtors and the U.S. Trustee. These parties may agree to file a single joint monthly operating report with segregated data specific to each Debtor. Each Debtor shall be liable for its own U.S. Trustee fees required under 28 U.S.C. § 1930.

11. At the U.S. Trustee's discretion, one creditors committee may be appointed for all cases, with members drawn from each of the jointly administered cases with unsecured claimants, or separate committees may be appointed for each of the cases.

12. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. Nothing in this Order shall alter or limit any authorization or relief contained in, or prevent Payless ShoeSource Canada Inc., Payless ShoeSource Canada GP Inc., or Payless ShoeSource Canada LP (the "Canadian Debtors") from taking any action authorized pursuant to an order issued by the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in proceedings in respect of the Canadian Debtors pursuant to the *Companies' Creditors Arrangement Act* (Canada), and the Canadian Debtors shall be subject to a budget or similar restrictions only as established by the Canadian Court. To the extent of any inconsistency

between this Order and the terms of any order of the Canadian Court, the order of the Canadian Court shall govern with respect to the Canadian Debtors.

16. No later than two (2) business days after the date this Order is entered on the docket, the Debtors are directed to serve a copy of this Order on the Notice Parties, and are directed to file a certificate of service no later than 24 hours after such service.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: February 20, 2019
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374
John G. Willard, MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@armstrongteasdale.com
Email:  eedelman@armstrongteasdale.com
Email:  jwillard@armstrongteasdale.com

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*